Carol, Cecil, and Curtis **REEVES**, Minors,
etc., et al., Plaintiffs-Appellants,

v.

**HANCOCK COUNTY BOARD OF EDU-
CATION et al.,** Defendants-Appellees.

No. 29925.

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1970.

Howard Moore, Jr., Peter E. Rinds-
kopf, Atlanta, Ga., Jack Greenberg, Nor-
man J. Chachkin, New York City, Thom-
as M. Jackson, Macon, Ga., for appel-
lants.

Wallace Miller, Jr., Frank C. Jones,
Macon, Ga., J. Franklin Hitchcock, Spar-
ta, Ga., for appellees.

Before THORNBERRY, MORGAN
and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from dismissal of a
complaint by the United States District
Court for the Middle District of Georgia.
Plaintiffs-appellants filed the complaint
in the district court, seeing the disestab-
lishment of the dual school system in
Hancock County, Georgia. The district
court dismissed the complaint because
"the matter of desegregation of the pub-
lic schools of Hancock County, Georgia
is now having the attention of the Unit-
ed States District Court for the North-
ern District of Georgia and . . . it
would be unseemly * * * for this
court to assume jurisdiction in the prem-
ises." We find that dismissal of the
complaint under these circumstances was
not an abuse of discretion and therefore
affirm.

At the time of the dismissal of the
complaint, there was a case pending in
the United States District Court for the
Northern District of Georgia in which
the United States was suing the State
of Georgia and the Georgia State Board
of Education to desegregate the schools
in 81 school district in Georgia, includ-
ing the Hancock County school district.
Representatives of the black citizens of
the various school districts were allowed
to intervene in the Northern District
litigation for the purpose of contesting
the formulas established by that court
for faculty and student integration. The
subject matter and basic relief sought in
the court below—namely, the desegrega-
tion of the Hancock County school sys-
tem—were directly involved in the suit
in the Northern District Court. Thus, if
the district judge had not dismissed this
complaint, he would have run the risk
of creating a conflict with the determina-
tions of the Northern District Court and
of subjecting defendants to different and
probably conflicting orders.

Since the same subject matter and relief were involved in the Northern District litigation, since the interests of the plaintiffs here appear to have been adequately represented in the Northern District litigation, since there was a substantial probability that any order issued by the district court below would have been in at least partial conflict with the orders emanating from the Northern District Court, and since the plaintiffs here will have the opportunity to later seek relief if they feel aggrieved by the plan put into effect by the Northern District Court, we hold that dismissal of this complaint was not an abuse of discretion and is

Affirmed.